## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNION CONSTRUCTION WORKERS HEALTH PLAN BOARD OF TRUSTEES**, | : | Case No. 3:09-cv-00467 |
| | : | Chief Judge James G. Carr |
| Plaintiff, | : | **MOTION OF DEFENDANT VICTORY** |
| | | **CAPITAL MANAGEMENT, INC. TO** |
| vs. | : | **DISMISS THE COMPLAINT OR IN** |
| | | **THE ALTERNATIVE TO COMPEL** |
| | : | **ARBITRATION AND STAY THE** |
| **VICTORY CAPITAL MANAGEMENT, INC.**, *et al.*, | : | **ACTION PENDING ARBITRATION** |
| | : | |
| Defendants. | | |

Defendant Victory Capital Management, Inc. ("Victory"), pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint, or in the alternative, for an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to compel arbitration and stay this action pending the outcome of arbitration. The claims of the Board of Trustees of the Toledo Area Construction Workers Health and Welfare Plan and Trust ("Plaintiff" or the "Board") are subject to a mandatory and binding arbitration provision in the written agreement between the parties, *viz.*, the Agreement for Appointment of Investment Manager (the "Agreement") [Exhibit 1]. Accordingly, Victory respectfully moves this Court to dismiss these proceedings or, in the alternative, to stay proceedings and compel Plaintiff to arbitrate its claims against Victory.

A memorandum in support of this Motion is attached.

Respectfully submitted,

/s/Jack F. Fuchs
Jack F. Fuchs (0014197)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
(513) 352-6700 (P)
(513) 241-4771 (F)
Jack.Fuchs@ThompsonHine.com

OF COUNSEL:

Brian L. Gaj (0029439)
Robert A. West, Jr. (0078379)
Thompson Hine LLP
3900 Victory Center, 127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-0550

Eric S. Clark (0071035)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
(513) 352-6700

## **MEMORANDUM**

## I. **Introduction**

Plaintiff's Complaint involves a dispute that it had agreed to arbitrate pursuant to a provision in the Agreement that "any disputes arising under the terms of this Agreement which cannot be resolved by the parties shall be resolved in accordance with the rules of the American Arbitration Association." Agreement ¶ 17.[1] Apparently seeking to avoid this arbitration

---

[1] A true copy of the Agreement is attached as Exhibit 1. The Agreement not only is at the heart of the Complaint, but is referenced in Exhibit A to the Complaint.  Accordingly, this Court may consider the Agreement without converting this motion to dismiss to one for summary judgment. *See, e.g., Weiner v. Klais & Co.* 108 F.3d 86, 89 (6th Cir. 1997); *Hecker v. Deere & Co.*, 2009 U.S. App. LEXIS 2950, at [*14]-[*18], 45 Employee Benefits Cas. (BNA) 2761 (7th Cir. Feb. 12, 2009); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998).

2

requirement, Plaintiff filed its breach of fiduciary duty action against Defendant Victory in this Court, seeking a determination that Victory breached its fiduciary duty by "failing to loyally and prudently manage the assets of the Plan by investing in non-agency residential mortgaged-backed securities and/or collateralized mortgage obligations." Complaint ¶ 66.  Because Plaintiff failed to submit this dispute to the American Arbitration Association as mandated by the Agreement, this Court should dismiss Plaintiff's action or, in the alternative, stay it pending resolution of the arbitration. *See, e.g.*, *Toledo Techs., Inc. v. INA Walzlager Schaeffler Kg*, 1999 U.S. Dist. LEXIS 13415 (N.D. Ohio 1999) (Carr, J.). *See generally* 9 U.S.C. § 3 (mandating stay of action "referable to arbitration under . . . an agreement").

## II.  Background

### A.  The Agreement Obligates Plaintiff to Arbitrate Its Dispute with Victory

On May 31, 1978, the Board and Toledo Trust Company ("Toledo Trust"), Victory's predecessor-in-interest, entered into the Agreement. Complaint ¶ 25 & Ex. A. Victory became a party to the Agreement when it became the successor investment manager after Toledo Trust was acquired by KeyCorp.  *Id.*

The Agreement provides that the Plan's investment manager "has received and reviewed the Investment Policy Statement adopted by the Trustees, a copy of which is attached to this Agreement and by this reference incorporated herein as fully as if written out herein." Agreement ¶ 4 [Ex. 1]. The Plan's investment manager "agree[d] to exercise its authority as Investment Manager of the Plan and Trust in accordance with the Investment Policy Statement as attached or as hereafter amended by the Trustees and communicated to [the Investment Manager]." *Id.*

In addition to directing Victory, as the investment manager, to manage the Plan's assets, the Agreement expressly directs Victory to "[f]urnish statements of assets to the Trustees." *Id.* ¶ 5(i). Additionally, the Agreement directs Victory to "[f]urnish statements of cash receipts and disbursements to the Trustees quarterly. . . ." *Id.* ¶ 5(j). Finally, Victory agreed to discharge its duties "[w]ith the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ." *Id.* ¶ 10(a).

The Agreement obligates the parties to arbitrate any dispute that arises out of the Agreement:

> Any disputes arising under the terms of this Agreement which cannot be resolved by the parties shall be resolved in accordance with the rules of the American Arbitration Association.

Agreement ¶17 [Ex. 1]. Accordingly, to the extent that the dispute alleged in the Complaint arises "under the terms of this Agreement," because it is predicated on Victory's compliance with the terms of the Board's Investment Policy Statement that is incorporated by the Agreement, the dispute is subject to arbitration.

## B. The Dispute Alleged in the Complaint Arises Under the Agreement

In its Complaint, the Board alleges that Victory failed to properly manage its assets by investing "the Plan's assets in non-agency mortgage-backed and/or collateralized securities." Complaint ¶ 5. The Board alleges that this investment of the Plan's assets "failed to meet the criteria of the Plan's Investment Policy." *Id.* ¶ 6. The Board, despite its failure to cite paragraph 4 of the Agreement, further alleges that Victory had a duty "to manage and administer . . . the Plan's investments strictly in accordance with the Plan's Investment Policy. . . ." *Id.* ¶ 27. In addition to the Board's allegations that Victory ignored its duties under the Agreement to follow

4

the investment duties imposed by the Investment Policy Statement,[2] the Complaint alleges that Victory failed to disclose to the Board the Plan's investments. *Id.* ¶ 46. The Complaint further alleges that Victory failed to disclose the risks of its investments, *id.* ¶ 47, including the investments' interest rate risk, to the Board. *Id.* ¶¶ 48-49. Simply put, the Board's claims in the Complaint against Victory arise under the terms of the Agreement so that paragraph 17 of the Agreement obligates Plaintiff to arbitrate its claims. Agreement ¶ 17 [Ex. 1].

## III. Analysis: The Agreement's Arbitration Clause Requires Arbitration of the Claims Advanced in the Lawsuit

Arbitration agreements not only are favored by courts, but are liberally enforced. *See, e.g.*, *USW v. Cooper Tire & Rubber Co.*, 474 F.3d 271, 277 (6th Cir. 2007); *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir. 2005). As this Court has held, "[i]n any suit or proceeding concerning an issue referable to arbitration under a written agreement, a party may move to stay the trial." *Toledo Techs., Inc. v. INA Walzlager Schaeffler Kg*, 1999 U.S. Dist. LEXIS 13415 (N.D. Ohio 1999) (Carr, J.) (*citing* 9 U.S.C. § 3 in granting Defendants' motion to stay plaintiff's lawsuit pending arbitration); *Creighton v. Modern Portfolio Mgmnt., Inc.*, 124 F. Supp. 2d 480 (N.D. Ohio 2000) (Carr, J.) (granting motion to dismiss or to compel arbitration). This Court further has recognized an initial presumption of arbitrability where, as here, the Agreement contains an arbitration clause. *Toledo Techs., Inc.*, 1999 U.S. Dist. LEXIS 13415, at [*5] (citing *AT&T Technologies v. Communications Workers*, 475 U.S. 643, 650 (1986)). *See also Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 847 (2d Cir. 1987) ("The federal policy favoring arbitration requires us to construe arbitration clauses as broadly as possible.").

---

[2] For the purpose of this motion only, Victory does not dispute the allegations in the Complaint. Victory notes, however, that other courts have rejected similar claims against investment managers involving interest-only mortgage-backed securities, a riskier form of mortgage-backed securities than those at issue in this case, where the investment policy was indistinguishable from that adopted by the Board. *See, e.g.*, *Laborers Nat'l Pension Fund v. Northern Trust of Quantitative Analysts, Inc.*, 173 F.3d 313 (5th Cir. 1999).

Appellate courts, including the Sixth Circuit, consistently have enforced arbitration provisions. *See*, *e.g.*, *USW v. Commonwealth Aluminum Corp.*, 162 F.3d 447, 450 n.2 (6th Cir. 1998) ("the Union has not offered any authority to show that ERISA precludes a claims review procedure from allowing disputes to be subject to arbitration"); *Graphic Communications Union v. GCIU-Employer Retirement Benefit Plan*, 917 F.2d 1184 (9th Cir. 1990) (mandatory arbitration provision in employee benefit plan enforceable). Like this Court, the Sixth Circuit has held that "[w]here the agreement contains an arbitration clause, the court should apply a presumption of arbitrability, resolve any doubts in favor of arbitration, and should not deny an order to arbitrate unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Simon*, 398 F.3d at 773.

The Federal Arbitration Act ("FAA") expressly directs enforcement of arbitration provisions like those in the Agreement:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. Moreover, the Federal Arbitration Act authorizes Victory to file this motion:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Courts ordinarily enforce these provisions. *Toledo Techs., Inc. v. INA Walzlager Schaeffler Kg*, 1999 U.S. Dist. LEXIS 13415 (N.D. Ohio 1999).

6

Plaintiff's breach of fiduciary duty claim not only falls within the purview of the Agreement, it is predicated on that Agreement. *Compare* Complaint ¶ 25 & Ex. A *with* Agreement [Ex. 1]. Accordingly, this Court should grant Victory's motion to dismiss or, in the alternative, should stay the proceedings and compel Plaintiff to arbitrate its claims as to Victory.

## IV.     <u>Conclusion</u>

For the foregoing reasons, this Court should grant Victory's motion to dismiss or, in the alternative, to compel arbitration and stay this action pending resolution of the arbitration.

Respectfully submitted,

/s/Jack F. Fuchs
Jack F. Fuchs (0014197)
THOMPSON HINE LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
(513) 352-6700 (P)
(513) 241-4771 (F)
Jack.Fuchs@ThompsonHine.com

OF COUNSEL:

Brian L. Gaj (0029439)
Thompson Hine LLP
3900 Victory Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-0550

Eric S. Clark (0071035)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
(513) 352-6700

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served on counsel for Plaintiff via Electronic Filing, which electronically transmits service of this document to Plaintiff's counsel, this 30th day of March, 2009.

/s/ Jack F. Fuchs

## <u>CERTIFICATE OF COMPLIANCE WITH LR 7.1(f)</u>

The undersigned hereby certifies that, to the best of his knowledge, this case is unassigned as to track and, regardless of track, complies with the memoranda page limits set by LR 7.1(f).

/s/ Jack F. Fuchs